**UNITED STATES of America**

v.

**Frank FOIL.**

**Crim. No. 63–88.**

United States District Court
W. D. Pennsylvania.

April 5, 1963.

Joseph S. Ammerman, U. S. Atty., Pittsburgh, Pa., for plaintiff.

James A. Ashton, Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

In this criminal proceeding, the immediate matters before the Court are (a) a motion to dismiss the complaint for violation of 26 U.S.C.A. §§ 4411, 4412 and 7203 of the Internal Revenue Code, and (b) a motion for return of property and to suppress evidence.

The Court has conducted a full and complete hearing and afforded counsel for the defendant an opportunity to present or call any and all witnesses relative to the matters herein presented.

## MOTION TO DISMISS

The motion to dismiss is basically premised on the neglect or failure of the United States Commissioner to comply with Rule 5(c) of the FEDERAL RULES OF CRIMINAL PROCEDURE, which rule provides, inter alia, as follows:

"After concluding a proceeding, the United States Commissioner shall transmit forthwith to the Clerk of the District Court all papers in the proceeding and any bail taken by the Commissioner."

It appears to me that to justify the dismissal of a criminal complaint for failure to comply with said provision of the FEDERAL RULES OF CRIMINAL PROCEDURE, it would be necessary for the defendant or the accused to establish and show that substantial prejudice arose or existed as a result thereof.

It is not in dispute that at the time of the arrest of the defendant or accused, he was informed as to the nature of the charges lodged against him and was afforded an opportunity to read the warrant of arrest. He was told by the United States Commissioner that he was entitled to a hearing and advised as to the nature of the charges against him, and when he signed his surety recognizance, his bailman was fully informed as to the nature of the charges against him, as was the defendant or accused.

It is furthermore not disputed that counsel for the defendant did not endeavor to communicate with the United States Commissioner as to the nature of the charges against the accused, nor was any communication attempted with the United States Attorney or with any of the officers of the Internal Revenue Agency.

 Under all the circumstances, the conclusion must be reached that the accused defendant was fully informed as to the nature of the charges against him, and the fact that the proceedings before the United States Commissioner were not filed in the office of the Clerk of Courts until February 7, 1963, could not and did not in anyway whatsoever cause a prejudice to the defendant.

It is the practice of the United States Attorney where an arrest is premised on a complaint, that an Information is subsequently prepared against the accused defendant wherein the charges are specifically detailed and set forth. This practice has not been followed as of this date for the reason that the defendant, through his counsel, filed a motion to dismiss the complaint on February 14, 1963, and all matters have been held in abeyance pending a determination of the motion to dismiss.

For the reasons herein stated, the motion to dismiss the complaint is refused.

## MOTION TO SUPPRESS EVIDENCE AND FOR THE RETURN OF PROPERTY

In the motion to suppress evidence and for the return of property, it appears that, at the most, factual disputes exist as to whether number slips were taken by Internal Revenue agents with the consent of the defendant accused. There is no evidence that the Government agents searched the premises of the accused, and it is admitted that no search warrant had been issued.

In connection with the written statement given by the accused to the Government after his arrest, there is no evidence that he was not fully informed as to his Constitutional rights and that said statement was not given willingly.

In the trial of this proceeding, under appropriate instructions from the Court, the questions as to whether the property seized was or was not taken with the consent of the accused and whether his written statement was or was not given willingly, with previous advice given as to Constitutional rights, may be submitted to the jury.

Under the circumstances just stated, there is no basis for the Court to direct the return of the property taken by agents of Internal Revenue Service or to suppress the use of said evidence or

the written statement given by the accused to the government agents.

Now, Therefore, This 5th day of April, 1963, the motion to dismiss the complaint is refused and the motion for return of property and to suppress evidence is refused.

The proceeding is assigned to the Master Criminal Jury List to commence June 3, and the Court Reporter is directed to transcribe the record of hearing held April 4, 1963, at the joint expense of the parties, with a copy to be filed in the office of the Clerk of Courts for the use of the trial judge and/or any appellate court.